## NATIONAL CASUALTY COMPANY v WOLINSKY, Exrx

Ohio Appeals, 7th Dist, Mahoning Co
Decided Nov 13, 1930

Harry Nusbaum, Canton, for Wolinsky.

JUSTICE, J:

The second assignment of error is easily disposed of. A sharp conflict exists in the oral testimony as to whether the assured did or did not keep books. Witnesses called on behalf of the defendant in error told the court and jury that the assured did keep books, that said books were taken and carried away by the robbers; and that if said books were present they would reveal the loss sustained. Witnesses called by the insurance company testified that the assured had stated that he did not keep books. Manifestly, different minds, in weighing this testimony, might readily come to different conclusions. We, therefore, under the well

recognized rule of law announced in **Dean v King, 22 Oh St, 118-134**, must not disturb the verdict upon this ground, unless we find it to be clearly and manifestly against the weight of the evidence. This we do not find.

Coming now to the first assignment of error. Concededly, proof of loss was not furnished until June 3, 1929, which was sixty-one days after the discovery of the loss. Did the failure of the assured or his representative to comply with the provisions of the policy regarding proof of loss forfeit the right to recovery thereunder? That question was before the trial court at the time of the overruling of the motion for a new trial, and is in fact the only question meriting notice here.

We learn from the record that the learned trial judge in overruling the motion for a directed verdict in favor of the insurance company at the close of the plaintiff's evidence in chief, relied upon §10216, GC. This section reads as follows:

"Unless otherwise specifically provided, the time within which an act required by law, shall be done shall be computed by excluding the first day and including the last day; except that the last shall be excluded if it be Sunday."

This section manifestly has no application to the problem here. It refers in terms of acts required to be done by law, and not to acts required to be done by agreement of parties.

Counsel for defendant in error, however, has invited our attention to the case of Wood, Executor v The Connecticut Fire Insurance Co., 17 P. N. S. (N.S.), 273, and to the case of **Bartley v National Business Men's Association, 109 Oh St, 585**. He insists that the failure of the assured to furnish the proof of loss within the sixty days does not render the policy void, and that the above cited cases support his position.

In Wood, Executor v The Connecticut Fire Insurance Co., supra, the court held:

"A clause in a New York standard form policy of fire insurance providing that proof of loss shall be rendered to the company within sixty days after the fire, does not constitute a condition precedent, the failure to perform which would preclude a recovery under the policy, where there is no provision in the policy declaring that such a failure renders the policy void."

This case is clearly distinguishable from the case at bar, in that in the instant case, the policy provides that failure on the part of the assured to comply with the provisions regarding proof of loss forfeits the right to recovery thereunder.

In Bartley v National Business Men's Association, supra, our Supreme Court held:

"Where a certificate of membership for an accident association provides that proof of claims shall be furnished * * * within ninety days from the date of death, etc., * * * an absolute denial of liability by the assured under any of the terms of the certificates made to the beneficiary within the ninety day period amounts to a waiver of filing proof of claim* * *."

This case is also easily distinguishable from the instant case, in that in the case at bar there is no evidence tending to prove that the insurance company within the sixty day period, the time specified in the policy for the filing of the proof of loss, denied liability under the policy.

There is a case, however, namely, **Billings v The Insurance Company 6 C. C. (N.S.), 567**, which is directly in point and as we see it, decisive of the question here. The first paragraph of the syllabus of this case reads as follows:

"A policy of fire insurance, containing a provision that proof of loss must be presented to the company within sixty days of the occurrence of a fire, is rendered void by failure to present the proof within the time limit."

Applying the rule of law above stated to the facts in this case, it occurs to us that the proposition advanced by counsel for defendant in error is not tenable.

Admittedly, Nathan Wolinsky accepted the policy with the understanding and agreement that he would forfeit the right to recovery thereunder if he failed to keep and perform the terms and conditions of said policy on his part to be kept and performed. Concededly, he and his representatives have failed to comply with the provisions of said policy regarding the furnishing of proof of loss. Hence it follows that plaintiff below, defendant in error here, is not entitled to any relief in the premises. To hold otherwise would violate the express terms and conditions of the policy, which suit is brought.

Holding these views, it follows that the judgment of the Court of Common Pleas should be reversed, and inasmuch as defendant in error is not and obviously never will be entitled under the conceded facts to recover in this case, this court is constrained to enter final judgment for plaintiff in error the judgment that the trial court

should have entered.

Judgment reversed and final judgment entered for plaintiff in error.

LEMERT, PJ, and SHERICK, J, concur.